**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JRA ARCHITECTS & PROJECT MANAGERS, P.S.C.; RETIREMENT PLAN TRUST SERIES 97-1562 and JOSÉ E. ROVIRA CORREA<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL GROUP, INC.; FIRST FINANCIAL MASTER TRUST; NILSA ORTÍZ; ESTATE OF JUAN-OTERO MELÉNDEZ, including NILSA ORTIZ, MINOR CHILDREN L. O-O. and J. D. O-O. as heirs of Juan Otero-Meléndez; ALBERTO RIVERA; WALNUT STREET SECURITIES, INC.; SCOTTRADE, INC.; JANE AND JOHN ROE AND COMPANIES A, B, and C,<br>    Defendants. | CIVIL NO. 08-01285 (FAB)<br><br><br>*ERISA VIOLATIONS; BREACH OF FIDUCIARY DUTIES; SECURITIES VIOLATIONS; FRAUD; RICO ACT; JURY TRIAL DEMANDED* |
| JORGE J. OPPENHEIMER-MENDEZ, *et al*,<br><br>Plaintiffs,<br>v.<br><br>FIRST FINANCIAL GROUP (FFG), *et al*,<br>Defendants | CIVIL NO. 08-1616 (FAB) |

## SECOND AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, JRA ARCHITECTS & PROJECT MANAGERS, P.S.C.. ("JRA Architects; JRA"), RETIREMENT PLAN TRUST SERIES 97-1562 and JOSÉ E. ROVIRA-CORREA ("Rovira-Correa"), through the undersigned attorneys and respectfully, STATE, ALLEGE, and PRAY as follows:

### JURISDICTION & VENUE

1.      This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, inasmuch as the claims herein involve the Employee Retirement Income Security Act (ERISA), 29 U.S.C.S. 1001 et seq., the Securities Exchange Act of 1934, 15 U.S.C.A. 78 j(b); Rules of the Securities and Exchange Commission, 17 C.F.R. 240.10b-5), and the provisions of the Racketeer Influence and Corrupt Organization Act, 28 U.S.C. § 1962 *et. seq.* (RICO ACT).

2.      This Court has supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico pursuant to 28 U.S.C. §1967, as those claims arise from a common nucleus of operative fact with the federal claims.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §1391 inasmuch as the defendants reside in this district and a substantial part of the events and omissions giving rise to the claim took place in the Commonwealth of Puerto Rico.

## THE PARTIES

4.  Plaintiff, JRA Architects & Project Managers, P.S.C., is a professional services corporation duly organized and existing under the Laws of the Commonwealth of Puerto Rico, with a principal place of business located at Betances #52, Caguas, Puerto Rico 00725.

5.  Retirement Plan Trust Series 97-1562 is an ERISA retirement pension plan for the benefit of JRA Architect's employees. The Retirement Plan Trust Series 97-1562 ("the Plan") was established as per a Deed of Trust executed on December 16, 1997.

6.  Plaintiff José E. Rovira-Correa is of legal age, single, an architect, and is a United States citizen residing in Gurabo, Puerto Rico.

7.  Co-defendant First Financial Group, Inc. ("FFG") is a corporation duly organized and existing under the Laws of the Commonwealth of Puerto Rico. FFG's principal place of business is located at #160 Roosevelt Ave., Hato Rey, Puerto Rico 00919.

8.  Co-defendant First Financial Master Trust is, upon information and belief, a trust created under the laws of the Commonwealth of Puerto Rico by one or more of the co-defendants to which assets of the plaintiffs' retirement plan were deposited.

9.  Co-defendant Nilsa Ortiz is the widow and an heir and/or beneficiary of the estate of Mr. Juan Otero-Meléndez. She is included as a defendant at this time as a possible recipient of plan assets or profits which must be disgorged and which are subject to restitution to the Plan.

10. The Estate of Mr. Juan Otero-Meléndez is an entity created by operation of law upon the death of Mr. Juan Otero-Meléndez, comprised of his heirs and any other beneficiaries of his estate. It has liability for the wrongful acts of Mr. Juan Otero-Meléndez and also is a possible recipient of plan assets or profits which must be disgorged and which are subject to restitution to the Plan.

11. Minor children L. O-O. and J. D. O-O. are the heirs of Mr. Juan Otero-Meléndez, who died on or about January 25, 2008. They are included as defendants at this time as possible recipients of plan assets or profits which must be disgorged and which are subject to restitution to the Plan.

12. Co-defendant Alberto Rivera is the current or acting President of FFG. He is licensed and authorized to solicit and transact securities transactions. At all times relevant hereto, Mr. Rivera was employed by FFG and was also the local licensed representative for co-defendant, Walnut Street Securities, Inc. Co-defendant Rivera is a citizen of the United States and resident of Puerto Rico.

13. Jane and John Roe and Companies A, B, and C are fictitious names for currently unknown persons and/or entities who are liable to plaintiffs for the acts and damages described in this complaint, including but not limited to the officers and/or members of the board of directors of FFG and First Financial Master Trust.

14. Co-defendant Walnut Street Securities, Inc. is a licensed broker/dealer and a registered investment advisor providing investment, brokerage, and advisory accounts

conducting business in all 50 states, Washington, D.C. and Puerto Rico. It's principal place of business is located at 13045 Tesson Ferry Road, St. Louis, MO 63128. It is included at this time as a defendant as to the extent that it holds any assets of the plaintiffs' retirement plan and as a possible recipient of plan assets or profits which must be disgorged and which are subject to restitution to the Plan.

15.     Co-defendant Scottrade, Inc. is a discount retail and online brokerage firm with a principal place of business located at 12800 Corporate Hill Dr., St. Louis, MO 63131-1834. It is included at this time as a defendant to the extent that it holds any assets of the plaintiffs' retirement plan and as a possible recipient of plan assets or profits which must be disgorged and which are subject to restitution to the Plan.

**FACTS**

16.     On or around January 1, 1997, plaintiff JRA Architects as employer and Rovira-Correa as participant, beneficiary and fiduciary decided to establish an ERISA retirement pension plan for the benefit of JRA Architect's employees. Thus, the Retirement Plan Trust Series 97-1562 ("the Plan") was established as per a Deed of Trust executed on December 16, 1997.

17.     The retirement plan funds and assets were placed, invested and/or deposited in brokerage accounts with Santander Securities under Account #7CC-069488 and Oriental Financial Service Corporation under Account #AB1-046302.

18. On or around January 1, 2004, the Plan was amended and consolidated with Retirement Plan Series 97-1561 to include as beneficiaries both the employer and eligible employees.

19. During the latter months of the year 2004, co-defendants FFG, Mr. Juan Otero-Meléndez (now deceased) and co-defendant Alberto Rivera fraudulently represented to plaintiffs that they and FFG were a authorized and licensed Pension Plan Administrators and securities brokers.

20. In fact, neither Otero-Meléndez, nor FFG were licensed and/or authorized Pension Plan Administrators and securities brokers by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and/or federal and/or state securities regulators.

21. Otero-Mélendez and co-defendants FFG and Rivera solicited and induced plaintiffs to withdraw all of the Plan's funds and assets that had been invested with Santander Securities and Oriental so that checks payable to FFG could be issued and the Plan's funds deposited with FFG.

22. Otero-Mélendez and co-defendants FFG and Rivera assured and guaranteed plaintiffs that by placing the Plan's funds and assets with FFG as investment managers, fiduciaries and administrators that plaintiffs would yield a higher rate of return.

23. After having been deceived by Otero-Mélendez and co-defendants FFG and Rivera that they were bona fide Pension Plan Administrators and Investment Managers,

plaintiffs, on or around March 16, 2005 and June 1, 2005, requested that Oriental and Santander Securities sell all of the Plan's assets deposited with them and to issue checks payable to FFG for the total proceeds of those assets.

24. As such, on March 24, 2005, Oriental issued a check for the total amount of $40,972.71, payable to FFG.

25. On June 17, 2005, Santander Securities issued a check for the total amount of $393,959.26 payable to FFG.

26. FFG assigned Account #63537770 in the name of plaintiffs.

27. On April 1, 2005, plaintiff JRA Architects made a $90,000.00 contribution to the Plan thru a check payable to co-defendant FFG, representing plaintiff's contribution to the Plan for the year 2004.

28. On December 28, 2005, plaintiff JRA Architects made a $76,000.00 contribution to the Plan thru a check payable to co-defendant FFG, representing plaintiff's contribution to the Plan for the year 2005.

29. On May 22, 2007, plaintiff JRA Architects made a $34,000.00 contribution to the Plan thru a check payable to co-defendant First Financial Master Trust, representing plaintiff's contribution to the Plan for the year 2006.

30. Thus, plaintiff's principal contribution and deposits to the Plan amounted to $634,931.97.

31. However, instead of depositing the Plan's funds in accounts for the benefit of the Plan and its beneficiaries, Otero-Mélendez and co-defendants FFG and Rivera fraudulently and illegally deposited and/or knowingly allowed the assets of the Plan to be deposited into Otero-Mélendez's personal accounts under his exclusive and sole control.

32. Contrary to representations made to plaintiffs and in violation of his fiduciary duty to the Plan, Otero-Mélendez fraudulently and illegally used the Plan's funds and assets that had been diverted to accounts under his control for his own personal uses and to engage in risky and speculative trading.

33. Some or all of the Plan assets were transferred to defendants Walnut Street Securities, Inc., Scottrade, Inc., Nilsa Ortíz and the Estate of Juan Otero-Mélendez.

34. In order to hide their fraudulent and illegal activities from the plaintiffs and to further the scheme to defraud, Otero-Mélendez and co-defendants FFG and Rivera created false account statements, bearing the FFG logo, containing false and inaccurate information as to the status of the plan's assets so as to deceive plaintiffs into believing their assets and funds were being diligently managed and were earning a respectable return on investment.

35. The false account statements sent by Otero-Mélendez and co-defendants FFG and Rivera falsely represented to plaintiffs that the Plan's assets and funds had increased to well over $1.2 million dollars.

36. In fact, in December 2006 plaintiffs, acting upon a tax advantage window created by local legislation, made a pre-payment of taxes on the Plan of $51,124.48. The amount of that payment was based on the supposed balance of $1,022,496.00 of the Plan at that time.

37. In executing this fraudulent scheme FFG property, knowhow, human and economic resources and equipment was employed improperly.

38. At all times relevant hereto co-defendant Rivera, as the only licensed securities broker employed by FFG and as the local representative for co-defendant Walnut Street Securities, Inc. ("WSS") aided and abetted FFG and Otero-Mélendez in their fraudulent and illegal activities by trading the Plan's funds and assets thru securities transactions, placed via Walnut, without plaintiff's authorization and/or consent and for his own personal benefit and the benefit of FFG and Otero-Mélendez.

39. WSS is included as a defendant in this action at this time only to the extent that it holds assets of the Plan that must be returned to the Plan and in its capacity as a party in interest pursuant to ERISA Section 406.

40. At all times relevant hereto, Otero-Mélendez maintained personal securities accounts with co-defendant Scottrade, Inc.

41. Otero-Mélendez deposited FFG's clients' assets and funds, including the plaintiffs', in these Scottrade accounts as if these funds were his own. Otero-Mélendez's

Scottrade Account Number was 63537770 - the same account number FFG assigned to plaintiffs' account with FFG.

42.    Scottrade, Inc. is included as a defendant in this action to the extent that it holds assets of the Plan that must be returned to the Plan and in its capacity as a party in interest pursuant to ERISA Section 406.

43.    Otero-Mélendez and Co-defendants FFG and Rivera acted as conduits for the illegal trades. They and or their employees, officers and directors knew and/or should have known of the fraudulent and illegal scheme by defendants to defraud FFG's clients, including plaintiffs.

44.    Otero-Mélendez committed suicide on or around January 25, 2008.

45.    Following Otero-Mélendez's sudden death, on January 28, 2008, plaintiffs requested from FFG information concerning the status of their accounts previously handled by Otero-Mélendez. It was then that plaintiffs learned, for the first time, of the fraudulent and illegal scheme devised and employed by the defendants to defraud them and all beneficiaries of the Plan of their funds and assets.

46.    On or around February 7, 2008, plaintiffs informed co-defendant Scottrade of the illegal and fraudulent scheme employed by FFG, Otero-Mélendez and Rivera to defraud them of their assets and requested that all amounts in the accounts maintained at Scottrade by Otero-Mélendez be frozen in order to minimize the losses to the beneficiaries of the Plan.

47. To date, co-defendant Scottrade has denied plaintiff's requests and has refused to freeze the Plan assets that are deposited in Otero-Mélendez's Scottrade accounts so as to prevent further losses of the Plan's funds.

48. Upon information and belief, Co-defendants Minor children L. O-O. and J.D. O-O. , as the heirs of Otero-Mélendez, have knowingly appropriated plaintiffs' assets and funds for their personal use and benefit and as of today are still in unlawful possession of said funds and assets.

49. Defendants Jane and John Roe, as officers and/or directors of FFG and First Financial Master Trust, knew or should have known of the fraudulent scheme being perpetrated by FFG, Otero-Mélendez and Rivera and failed to prevent it.

## COUNT I
## FRAUD AND BREACH OF FIDUCIARY DUTY IN VIOLATION OF ERISA

50. Plaintiffs repeat the allegations of paragraphs 1 - 49 above as if set forth at length herein.

51. At all times relevant hereto, Otero-Mélendez and co-defendants FFG and Rivera made false representations of material facts concerning their status as bona fide ERISA pension plan administrators, concerning the proposed investment of Plan assets, concerning the ongoing status of the Plan's investments and accounts, concerning the expected rate of return on the Plan's investments and other false representations, to plaintiffs.

52. Otero-Mélendez and co-defendants FFG and Rivera made these representations knowing that they were false and with the intent to deceive the plaintiffs.

53. The plaintiffs detrimentally relied on the false representations made by Otero-Mélendez and co-defendants FFG and Rivera in that they moved all of the Plan's assets from Santander Securities and Oriental and placed them with FFG and maintained the Plan's assets there.

54. By reason of the above-described fraudulent scheme, Otero-Mélendez and co-defendants FFG and Rivera violated and, unless enjoined, will continue to violate the Employee Retirement Income Security Act (ERISA), Section 29 U.S.C. §1104.

55. The fraud committed by Otero-Mélendez and co-defendants FFG and Rivera constitutes a breach of their ERISA fiduciary duty.

56. At all times relevant hereto, defendants Otero-Mélendez and co-defendants FFG and Rivera breached their ERISA fiduciary duties to the Plan, by, among other things, (I) the taking of the Plan's assets for the defendants' personal use; (ii) engaging in prohibited transactions with the Plan; (iii) jeopardizing and threatening the Plan's tax-exempt status; and (iv) failing to discharge their duties with respect to the Plan: (a) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; (b) by not diversifying the investments of Plan so as to minimize the risk of large losses, where no circumstances existed under

which it was not prudent to do so; and (c)in accordance with the documents and instruments governing the Plan.

57.     Section 409 of ERISA provides that "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate."

58.     Included in the equitable and remedial relief available to an ERISA claimant are the remedies of disgorgement, imposition of a constructive trust and restitution.

59.     Defendants Walnut Street Securities, Inc., Scottrade, Inc., Nilsa Ortíz and the Estate of Juan Otero-Mélendez (comprised of Minor children L. O-O. and J.D. O-O.) are parties-in-interest pursuant to ERISA Section 1107 in that each of them received a transfer of the Plan's assets.

60.     Plaintiffs are entitled to restitution from Defendants Walnut Street Securities, Inc., Scottrade, Inc., Nilsa Ortíz and the Estate of Juan Otero-Mélendez (comprised of Minor children L. O-O. and J.D. O-O.) of plan assets that were transferred to them.

61. Plaintiffs seek that this Court, in the exercise of the equitable powers granted to it in ERISA, establish a constructive trust over all assets of the Plan that can be identified in order to return those assets to the Plan.

62. Defendants Jane and John Roe, as officers and/or directors of FFG and First Financial Master Trust, are liable to the Plan for failing to prevent the fraudulent scheme perpetrated by Otero-Mélendez and co-defendants FFG and Rivera.

## COUNT II
## FRAUD IN VIOLATION OF SECTIONS 17(a)(1), 17(a)(2) AND 17(a)(3) OF THE SECURITIES ACT AND IN VIOLATION OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER AND THE SECURITIES LAW OF PUERTO RICO

63. Plaintiffs repeat the allegations of paragraphs 1 - 62 above as if set forth at length herein.

64. At all times relevant hereto, Plaintiffs relied on the false representations of material facts made by Otero-Mélendez and co-defendants FFG and Rivera with knowledge of falsity and with the intent to deceive so as to make plaintiffs believe they were bona fide licensed securities brokers in order to betray them into depositing all of the Plan's assets and funds with FFG and assuring plaintiffs they would yield a higher rate of return in benefit of the plan's beneficiaries.

65. Furthermore, from April 2005 to January 2008 Otero-Mélendez and co-defendants FFG and Rivera, by mailing false account statements to Plaintiffs did

knowingly, willfully, and/or recklessly engage in a scheme to defraud in the management and administration of the Plan.

66.     The above-described fraud constitutes a violation Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. Section 77 q(a)(1) and Section 10(b) of the Exchange Act, 15 U.S.C. sec. 78j(b) and Rule 10b-5,1 C.F.R. sec. 240.10b-5; and the Securities Laws of Puerto Rico.

67.     Defendants Jane and John Roe, as officers and/or directors of FFG and First Financial Master Trust, are liable to the Plan for failing to prevent the fraudulent scheme perpetrated by Otero-Mélendez and co-defendants FFG and Rivera.

## COUNT III
## RICO ACT

68.     Plaintiffs repeat the allegations of paragraphs 1 - 67 above as if set forth at length herein.

69.     Otero-Mélendez and co-defendants FFG and Rivera have violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. Sec. 1961, *et seq*. as outlined below.

70.     The Plan is an enterprise affecting interstate commerce.

71.     Otero-Mélendez and co-defendants FFG and Rivera associated with the Plan in that they induced the Plaintiffs to move the Plan's assets from Santander Securities and

Oriental and place them with FFG and further induced the Plaintiffs to maintain the Plan's assets there by providing them with false account statements.

72. Otero-Mélendez and co-defendants FFG and Rivera participated in the conduct of the Plan's affairs by inducing the Plaintiffs to place the Plan's assets with FFG and by supposedly administering the Plan's assets as trustees and/or fiduciaries.

73. Otero-Mélendez and co-defendants FFG and Rivera's participation in the Plan was through a pattern of racketeering activity, including but not limited to violations of 18 U.S.C. §1341 (mail fraud), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. §664 (theft or embezzlement from an employee benefit plan) and 18 U.S.C. §1954 (kickbacks to influence operation of employee benefit plan), in violation of 18 U.S.C.§1962(c).

74. Otero-Mélendez and co-defendants FFG and Rivera conspired with one another, as described above, to violate 18 U.S.C.§1962(c), in violation of 18 U.S.C.§1962(d).

75. The plaintiffs have been injured in their business or property by reason of Otero-Mélendez and co-defendants FFG and Rivera's violation of 18 U.S.C.§1962(c) and 18 U.S.C.§1962(d) in an amount estimated, at present, as a sum not less than $4,800,000.00.

76. Plaintiffs are entitled to an award of treble damages together with attorney's fees and costs of suit as provided for in 18 U.S.C.§1964(c).

**WHEREFORE**, Plaintiffs request the following relief:

A. Judgment against defendants FFG, First Financial Master Trust and Rivera, as fiduciaries, for an amount equal to the losses to the Plan, together with any profits they have made through use of assets of the Plan;

B. An order of disgorgement and/or restitution against Defendants Walnut Street Securities, Inc., Scottrade, Inc., Nilsa Ortíz and the Estate of Juan Otero-Mélendez (comprised of Minor children L. O-O. and J.D. O-O.) of any and all Plan assets that have been transferred to them;

C. An order of this Court, in the exercise of the equitable powers granted to it in ERISA, imposing a constructive trust over all assets of the Plan that can be identified in order to return those assets to the Plan;

D. Judgment against Defendants Jane and John Roe, as officers and/or directors of FFG and First Financial Master Trust, for the losses suffered by the Plan;

E. Judgment against defendants FFG, First Financial Master Trust and Rivera for the losses caused by their securities fraud;

F. Judgment against defendants FFG, First Financial Master Trust and Rivera for the losses caused by their violation of the RICO Act, which damages must be trebled under the Act;

G.  An award of attorneys fees pursuant to 29 U.S.C. §1132(g)(2) and 18 U.S.C.§1964(c);

H.  Costs of suit; and

I.  Any other relief the Court deems necessary and just.

## JURY DEMAND

Plaintiffs hereby request a trial by jury as to all issues so triable.

In San Juan, Puerto Rico, this 19th day of May 2009.

**CANCIO, NADAL, RIVERA & DÍAZ, PSC**
P.O. Box 364966
San Juan, PR 00936-4966
Tel. (787) 767-9625
Fax. (787) 764-4430
crivera@cnrd.com
jmccartney@cnrd.com
cgonzalez@cnrd.com

s/Carlos Rivera Vicente
*CARLOS RIVERA VICENTE*
USDC-PR No. 126304

s/James W. McCartney
*JAMES W. McCARTNEY*
USDC-PR No. 211511

s/Carlos A. González Soler
*CARLOS A. GONZÁLEZ SOLER*
USDC-PR NO. 214708